IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

LORENZO NUNEZ-ELIAS,

    Petitioner,

vs.

T. JOHNS, Warden, and
DHS-ICE,

    Respondents.

CIVIL ACTION NO.: CV512-121

## MAGISTRATE JUDGE'S AMENDED REPORT AND RECOMMENDATION

Petitioner Lorenzo Nunez-Elias ("Nunez"), an inmate currently incarcerated at D. Ray James Prison in Folkston, Georgia, has filed a petition for writ of habeas corpus pursuant to the provisions of 28 U.S.C. § 2241. Respondents filed a Motion to Dismiss. Nunez filed a Reply, which was not filed in this Court until after the undersigned issued his Report and Recommendation on February 5, 2013.[1] For the following reasons, Respondents' Motion should be **GRANTED**.

## STATEMENT OF THE FACTS

Nunez was convicted in the Western District of Texas after he pled guilty to unlawful re-entry of a removed alien, in violation of 8 U.S.C. § 1326. The trial court sentenced him to 36 months' imprisonment. (Doc. No. 6, p. 1). Nunez did not file a direct appeal.

---

[1] Nunez's Reply is dated January 8, 2013, yet it was not filed until February 11, 2013.

Nunez filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 in the trial court. In that motion, Nunez asserted that he is a citizen of the United States because his father was a United States citizen who met the residency requirements at the time of Nunez's birth so as to convey derivative citizenship to him. Nunez also asserted that his conviction for illegal re-entry could not stand. (Id. at pp. 3-4). The trial court found Nunez procedurally defaulted his claims because he failed to file a direct appeal after his conviction. The trial court also found that Nunez did not carry his burden to demonstrate his actual innocence of illegal re-entry to overcome his procedural default and denied his motion. (Id. at p. 10).

Nunez filed a previous section 2241 petition in this Court. He contended that he is a citizen of the United States and that he was convicted wrongfully under 8 U.S.C. § 1326. Nunez alleged that it would be unconstitutional to deport him, as he is a United States citizen. Nunez sought a declaration that he is a United States citizen and is entitled to relief pursuant to § 2241. The undersigned recommended that Nunez's petition be dismissed because he did not satisfy the savings clause of 28 U.S.C. § 2255 and because the Court lacked subject matter jurisdiction over his citizenship claims. (CV512-53, Doc. No. 14). The Honorable Lisa Godbey Wood adopted the undersigned's recommendation as the opinion of the Court and dismissed Nunez's petition. (CV512-53, Doc. Nos. 16, 17).

In this petition, Nunez contends that he has been wrongfully classified as an alien. Nunez also contends that he is confined in an institution which houses deportable aliens because of this incorrect classification. Nunez also seeks a declaration that he is a citizen of the United States, as one of his parents was a citizen at the time of his

(Nunez's) birth. To this end, Nunez submitted with his Reply copies of several documents he contends support his claims.

Respondents assert that the Court lacks subject matter jurisdiction to entertain Nunez's claims because he failed to exhaust his administrative remedies. Respondents also assert that Nunez's claims are barred by collateral estoppel principles and that the Bureau of Prisons is the entity which controls where an inmate will be housed. Respondents' discussions of these two (2) latter assertions involve a conclusory statement and citations to law without any application to the facts at hand. The undersigned need not address these issues.

## DISCUSSION AND CITATION TO AUTHORITY

Nunez seeks a declaration that he is a citizen of the United States based on derivative citizenship, i.e., he claims one of his parents was a citizen of the United States at the time of his birth. The Court is mindful that alien inmates can bring derivative citizenship claims in § 2241 proceedings under certain conditions. See Sundar v. INS, 328 F.3d 1320, 1323 (11th Cir. 2003). In the first instance, an inmate begins by filing an application for certificate of citizenship with the Department of Homeland Security ("DHS"). 8 C.F.R. § 341.1. If this application is denied, the inmate may file an appeal with the Administrative Appeals Unit ("AAU"). 8 C.F.R. §§ 322.5(b) and 103.3(a). If the AAU denies the appeal, then the applicant may be able to file an action in district court seeking declaratory judgment on his derivative citizenship claim. 8 U.S.C. § 1503(a); Ortega v. Holder, 592 F.3d 738, 744 (7th Cir. 2010) (noting that an individual can establish nationality pursuant to section 1503 once an administrative application for a certificate of citizenship has been denied); Nelson v. United States, 107

F. App'x 469, 470-71 (6th Cir. 2004) (stating that § 1503(a) requires a final administrative denial before a declaratory judgment action may be instituted). In those instances in which "an application for a certificate of citizenship has been denied and the time for appeal has expired, [the United States Customs and Immigration Service] will reject a subsequent application submitted by the same individual and the applicant will be instructed to submit a motion to reopen or reconsider[.]" 8 C.F.R. § 341.5(e).

The second instance in which judicial review of a derivative citizenship claim is appropriate occurs "[w]here an individual is subject to removal proceedings, and a claim of derivative citizenship has been denied" as part of such proceedings. Henriquez v. Ashcroft, 269 F. Supp.2d 106, 108 (E.D. N.Y. 2003). In this circumstance, review is properly sought "before the appropriate court of appeals, not a district court." Id. (citing 8 U.S.C. § 1252(b)(5)). Moreover, regardless of whether a claim of derivative citizenship is made following an application for a certificate of citizenship or in conjunction with removal proceedings, all available administrative remedies must be exhausted before a federal court has subject matter jurisdiction to review the claim. 8 U.S.C. §§ 1503(a) and 1252(b)-(d); Sundar v. INS, 328 F.3d 1320, 1323-24 (11th Cir. 2003) (noting that the exhaustion requirement is jurisdictional and applies equally to habeas corpus proceedings).

Nunez is not seeking judicial review of the denial of a properly exhausted application for citizenship. See Rios-Valenzuela v. Dep't of Homeland Sec., 506 F.3d 393, 396-97 & n.4 (5th Cir. 2007) (noting that exhaustion must be done properly, including the filing of an appeal). Nunez submitted an application for citizenship (Form N-600), which included a Texas home address and was received on July 22, 2005.

(Doc. No. 12, pp. 10-11). Nunez was removed from the United States on September 2, 2005. (Case No. 3:10CR2805, Doc. No. 1, p. 2) (W.D. Tex.). The USCIS informed Nunez and his attorney by decision dated January 17, 2006, that the application was denied because the USCIS did not have jurisdiction over his case based on Nunez's residing outside of the United States. This denial letter stated that the USCIS mailed to Nunez and his attorney a notice of interview in December 2005, and the interview was scheduled for January 10, 2006. The denial letter also stated that Nunez did not appear at this hearing, but, on the date of this interview, Nunez requested a parole into the United States at the El Paso, Texas, port of entry so that he could attend this hearing. Nunez was advised that he should file an application with the United States Department of State in his place of residence, pursuant to 22 C.F.R. § 50.2. (Doc. No. 12, p. 14). Nunez also was advised that he was to file a notice of appeal of this denial within 33 days of the notice, if he desired. (Id. at p. 12). Nunez filed a Notice of Appeal (Form I-290B) on September 12, 2012. He noted that he was not informed of the results of his original application because he was deported before a decision was reached. (Id. at pp. 16-17).[2] Nunez executed this cause of action on October 15, 2012, and it was filed in this Court on October 23, 2012.

It appears that Nunez filed an untimely appeal, which the USCIS could treat as motion to reopen or a motion for reconsideration. 8 C.F.R. § 103.3(b)(2)(v)(B)(2). However, there is nothing before the Court indicating the USCIS has accepted (or even recharacterized) Nunez's untimely appeal and that this was done prior to the filing of

---

[2] As an aside, Nunez's assertion that he was not notified of USCIS' determination of his application may be disingenuous based on the USCIS' statement that Nunez requested a parole into the United States on the same date as his interview for the purpose of attending said interview.

this section 2241 petition. Additionally, there is nothing before the Court which indicates the USCIS made a determination before Nunez filed this petition. Further, there is no evidence that Nunez filed any application with the Department of State while he was in Mexico. See 22 C.F.R. §§ 50.2-50.3. Regardless, it appears that Nunez did not properly exhaust his administrative remedies prior to filing his § 2241 petition. Moreover, Nunez is not seeking review of a derivative citizenship claim raised in a removal proceeding. Thus, Nunez cannot bring his claims pursuant to § 2241, as this Court is without jurisdiction to entertain his petition.[3]

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondents' Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Nunez's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this ___ day of March, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

---

[3] The undersigned notes that Nunez did not bring his cause of action as a motion for declaratory judgment pursuant to 28 U.S.C. § 2201. However, Nunez seeks a declaration that he is a citizen of the United States.

O 72A
(Rev. 8/82)

6